UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

JESSE KALINSKI,                                         CASE NO.: 3:23-cv-455

       Plaintiff,

vs.

NORTH FLORIDA EPOXY FLOORS, LLC
AND BRANDON W. TUTEN,

       Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Jesse Kalinski, sues Defendants North Florida Epoxy Floors, LLC, and Brandon W. Tuten, as follows:

### *Parties, Jurisdiction, and Venue*

1.      **Plaintiff, Jesse Kalinski**, is over 18 years old and has been a *sui juris* resident of Duval County, Florida, at all material times.

2.      Plaintiff was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.      Plaintiff was a non-exempt employee of the Defendants.

4.      Plaintiff consents to participate in this lawsuit.

5.      **Defendant, North Florida Epoxy Floors, LLC ("N. Fla. Epoxy"),** is a *sui juris* Florida for-profit limited liability company was authorized to conduct and that conducted its for-profit business in Central Florida, North Florida, and South Georgia at all material times while maintaining its principal place of business in this District.

1

6.     **Defendant, Brandon W. Tuten,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Brandon W. Tuten, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Duval County, and because most if not all of the operational decisions were made in this District.

8.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

9.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10.    Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

11.    Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

12.    Defendants are direct employers, joint employers, and/or co-employers are jointly and severally liable as Plaintiff under the FLSA.

13.    Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

2

14.     Defendant North Florida Epoxy Floors, LLC was, at all times material, an enterprise engaged in interstate commerce in the course of its installation of epoxy flooring in Florida and Georgia.

15.     Defendants purchased and received 2-part epoxy and its component materials and supplies, as well as tools and grinders, which were manufactured and/or produced outside of the State of Florida and moved through interstate commerce.

16.     Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

17.     Defendants also engage in e-commerce through the internet on their website, https://www.northfloridaepoxyfloors.com/, which they registered through Google LLC (a foreign corporation), which they use to solicit quotes.

18.     Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000.00 for each fiscal quarter in which Plaintiff worked.

19.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

20.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21.     Plaintiff's work for Defendants was actually in, or so closely related to, the movement of commerce while working for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his work grinding concrete floors using floor

3

grinders, mixing, and laying 2-part epoxy, and cleaning the tools utilized in the installations.

22.     Plaintiff worked for Defendants from approximately November 21, 2022 to January 24, 2023.

23.     Defendants paid Plaintiff at a rate of $18.00 for each hour worked.

24.     Plaintiff regularly and routinely worked over 40 hours in a workweek for Defendants.

25.     Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

26.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME CLAIM
### (Against Defendant, North Florida Epoxy Floors, LLC)

Plaintiff, Jesse Kalinski, reincorporates and realleges all preceding paragraphs as though set forth fully herein and further alleges as follow:

27.     Defendant, N. Fla. Epoxy, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly pay for all hours worked over 40 in a workweek.

28.     Defendant, N. Fla. Epoxy, willfully and intentionally refused to pay Plaintiff wages at a time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant period.

29.     Defendant, N. Fla. Epoxy, either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked during the relevant time violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendants were

4

not required to pay an overtime rate, and/or it concocted a scheme under which it deprived Plaintiff of the overtime pay earned.

30.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

## COUNT II – FLSA OVERTIME CLAIM
### (Against Brandon W. Tuten)

Plaintiff, Jesse Kalinski, reincorporates and realleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follow:

31.     Defendant, Mr. Tuten, failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly pay rate for all hours worked over 40 in a given workweek.

32.     Defendant, Mr. Tuten, willfully and intentionally refused to pay Plaintiff wages at a time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant period.

33.     Defendant, Mr. Tuten, either recklessly failed to investigate whether his failure to pay Plaintiff an overtime wage for the hours worked during the relevant time violated the Federal Wage Laws of the United States, he intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or he concocted a scheme under which he deprived Plaintiff of the overtime pay earned.

34.     Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## PRAYER FOR RELIEF
### (ALL COUNTS)

WHEREFORE, Plaintiff, Jesse Kalinski, demands the entry of a judgment in her favor and against Defendants, North Florida Epoxy Floors, LLC and Brandon W. Tuten, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

6

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jesse Kalinski, demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of April 2023,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:    305.230.4884
> *Counsel for Plaintiff*

7