UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSE KALINSKI,

Plaintiff,

v.                                          CASE No. 3:23-cv-455-MMH-JBT

NORTH FLORIDA EPOXY
FLOORS, LLC, AND BRANDON
W. TUTEN,

Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, NORTH FLORIDA EPOXY FLOORS, LLC, AND BRANDON W. TUTEN ("Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to the Complaint for FLSA Overtime Wage Violation(s) ("Complaint") (Doc. 1) filed by Plaintiff, JESSE KALINSKI ("Plaintiff"), and state as follows:

### I.       *Parties, Jurisdiction, and Venue*

1.     Defendants admit the allegations in Paragraph 1 of the Complaint.

2.     Defendants aver that they formerly employed Plaintiff, but deny the remaining allegations in Paragraph 2 of the Complaint.

3.     Defendants admit the allegations in Paragraph 3 of the Complaint.

4.     Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint and therefore deny same.

5.     Defendants deny that they conducted business in South Georgia during the relevant time period, but admit the remaining allegations in Paragraph 5 of the Complaint.

6.     Defendants admit the allegations in Paragraph 6 of the Complaint.

7.     Defendants admit that venue is proper, that they operate in this District, and that Plaintiff was formerly employed, paid, and worked in this District, but deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendants admit that jurisdiction is proper in this Court and avers that Plaintiff purports to bring claims under the Fair Labor Standards Act ("FLSA"), codified at 26 [sic] U.S.C. § 201, *et seq*. However, Defendants deny that Plaintiff states a claim under the FLSA, deny any wrongdoing or violation of law, deny they are liable to Plaintiff, and deny Plaintiff is entitled to receive any of the relief sought in the Complaint.

9.     Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 9 of the Complaint and therefore deny same.

10.     Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint and therefore deny same.

## II.   *Background Facts*

11.     Defendants admit that they formerly employed Plaintiff, but deny the remaining allegations of Paragraph 11 of the Complaint.

12.     Defendants admit that they formerly employed Plaintiff, but deny the remaining allegations of Paragraph 12 of the Complaint.

13.     Defendants admit that they regularly employed two or more employees for the relevant time period, but deny the remaining allegations of Paragraph 13 of the Complaint.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants admit that they have records concerning the dates of Plaintiff's employment, but deny the remaining allegations in Paragraph 19 of the Complaint.

20.     Defendants admit that they have records concerning the dates of Plaintiff's employment, but deny the remaining allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore deny same.

26.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore deny same.

### III.     *Count I –Fair Labor Standards Act Overtime Claim*

### *(Against Defendant, North Florida Epoxy Floors, LLC)*

Defendants reincorporate their answers to Paragraphs 1-26 of the Complaint as if fully set forth herein.

27.     Defendants deny the allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint.

30.     Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraph 30 of the Complaint.

### IV.     *Count II – Fair Labor Standards Act Overtime Claim*

### *(Against Defendant, Brandon W. Tuten)*

Defendants reincorporate their answers to Paragraphs 1-26 of the Complaint as if fully set forth herein.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraph 34 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" Paragraph (a) – (g) following Paragraph 34 of the Complaint and further deny that they are liable to Plaintiff in any respect.

### Jury Trial Demand

Defendants admit that Plaintiff purports to demand a trial by jury, but deny there are any triable issues.

### GENERAL DENIAL

Defendants deny each and every allegation of the Complaint that is not specifically admitted, including all captions and headers.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, fails or is barred, in whole or in part, to the extent subject matter jurisdiction is found to be lacking or insufficient.

## THIRD DEFENSE

Plaintiff's claims fail and/or are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

Even if the allegations contained in Plaintiff's Complaint are true, which they are not, to the extent the time for which Plaintiff alleges that he was not lawfully compensated involves only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under applicable law.

## FIFTH DEFENSE

Plaintiff's claims fail and/or are barred, in whole or in part, because Plaintiff received all compensation to which he was entitled under applicable law.

## SIXTH DEFENSE

Defendants deny any liability regarding minimum wage compensation. To the extent the Court may determine that Defendants' acts or omissions, if any, render Defendants liable, Plaintiff's demand for liquidated damages is barred and/or fails by virtue of the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were taken in good faith with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims fail and/or are barred to the extent that Plaintiff is seeking compensation for time which is non-compensable and/or non-working time, as well as to the extent some or all of Plaintiff's claims seek compensation beyond what is required by the FLSA.

**EIGHTH DEFENSE**

Plaintiff's claims fail and/or are barred, in whole or in part, by the doctrine of estoppel. If the facts, as determined at trial or summary judgement, reveal that Plaintiff was himself engaged in efforts to alter his own time records, or in any other way violated or failed to conform with the established policies of Defendants with regard to reporting and/or recording hours worked, Plaintiff should be estopped from recovering on such claims.

**NINTH DEFENSE**

Plaintiff's claims fail and/or are barred, in whole or in part, by the doctrine of estoppel. If the facts, as determined at trial or summary judgement, reveal that Plaintiff failed to report that he had not been correctly and fully paid for all time worked, he should be estopped from recovering on such claims.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. For example, and without limitation, at all times material to this suit,

Plaintiff acted as if, and stated that, he was reporting all his hours worked and he was taking measures to report all his working time accurately. Additionally, and without limitation, the doctrine of unclean hands should bar Plaintiff's claims, in whole or in part, to the extent he engaged in misconduct, lied, or misled Defendants in any way in regard to his compensation and/or hours worked. Moreover, the doctrine of unclean hands and/or estoppel should bar Plaintiff's claims, in whole or in part, to the extent it is determined that Plaintiff engages in improper litigation practices and/or has a pattern or practice of filing wage-related lawsuits against former employers, or has brought this lawsuit or any claim, in whole or in part, for any improper purpose, or without a good faith basis in fact or law.

## ELEVENTH DEFENSE

At all relevant and material times, Defendants exercised reasonable care and adopted and maintained effective, well-disseminated policies and procedures to prevent and promptly correct any wage-related issues and Plaintiff failed to utilize these policies and procedures or otherwise failed to take advantage of/avail himself of any preventative or corrective opportunities provided by Defendants, or to otherwise avoid harm. Plaintiff failed to notify Defendants of the alleged violations at the time such violations allegedly occurred, which prevented Defendants from taking any action to remedy such alleged violations, if warranted.

## TWELFTH DEFENSE

In the event that evidence emerges that there were errors with respect to any payments of wages, which Defendants deny, Defendants submit that all such actions were taken in good faith, in conformity with, and reliance upon established rulings, administrative rulings, and interpretations of the FLSA.

## THIRTEENTH DEFENSE

Defendants are entitled to a set-off with respect to any monies paid to Plaintiff for any hours when Plaintiff was not performing compensable work. To the extent Plaintiff reported time worked that he was not performing work, such time was not compensable by law and any compensation received by Plaintiff for such time should be offset from damages arising out of Plaintiff's claims in this case.

## FOURTEENTH DEFENSE

Plaintiff's claims fail and/or are barred to the extent Plaintiff seeks duplicative relief or amounts beyond what Plaintiff may be entitled to receive under the FLSA.

## FIFTEENTH DEFENSE

Plaintiff's claims fail and/or are barred, in whole or in part, because Plaintiff has failed to allege any, much less sufficient, facts that Defendants do not have time or pay records or fail to maintain accurate time and/or pay records.

Accordingly, Plaintiff should also be barred from attempting to lessen, diminish, or shift any evidentiary burdens in this case.

## SIXTEENTH DEFENSE

At all times, Defendants have made good faith efforts to prevent unlawful conduct in their workplace, including but not limited to compliance with applicable wage law and the FLSA, and thus, cannot be liable for the decisions, actions, or omissions of its agent(s), or for liquated damages, to the extent such decisions, actions, or omissions of such individuals were contrary to Defendants' efforts to comply with the FLSA.

## RESERVATION OF RIGHTS

Defendants specifically reserve the right to assert additional defenses, claims, counterclaims, cross-claims, and/or causes that may become appropriate based upon investigation or other discovery that may occur during the course of litigation.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor, that costs and reasonable attorneys' fees be awarded to them, and that Plaintiff take nothing by way of his Complaint.

Respectfully submitted,

JACKSON LEWIS, P.C.
501 Riverside Avenue, Suite 902
Jacksonville, Florida 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

By: */s/ Richard Margulies*
Richard Margulies
Florida Bar No.: 0607487
richard.margulies@jacksonlewis.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of July 2023, a true and correct

copy of the foregoing has been filed with the Court by using the CM/ECF system

and a copy will also be sent via email to:

Brian H. Pollock, Esq.
FairLaw Firm
135 San Lorenzo Ave. Suite 770
Coral Gables, FL 33146
brian@fairlawattorney.com

*/s/Richard Margulies*
Attorney

4894-0573-9887, v. 1