UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO.: 3:23-cv-455-MMH-JBT

JESSE KALINSKI,

    Plaintiff,

vs.

NORTH FLORIDA EPOXY FLOORS, LLC AND
BRANDON W. TUTEN,

    Defendants.
_____/

## PLAINTIFF'S AGREED MOTION TO CONDUCT
## INFORMAL SETTLEMENT CONFERENCE BY VIDEOCONFERENCE

Plaintiff, Jesse Kalinski, through his undersigned counsel and pursuant to the agreement of the parties, requests that the Court permit counsel to conduct their informal settlement conference by videoconference based on the following good cause:

1. This is a straightforward FLSA overtime case in which Mr. Kalinski claims that he should have been paid overtime wages but did not receive them because Defendants misclassified him as an independent contractor. [ECF No. 1.]

2. Defendants admitted that they employed Mr. Kalinski, but denied that they owe him any overtime wages. [ECF No. 12.]

3. The case is going to hinge on the time and pay records to establish whether Mr. Kalinski worked more than 40 hours a week and, for those weeks in which he worked overtime, whether he is owed any overtime wages, liquidated damages, attorneys' fees and costs.

4. The Court entered its FLSA Scheduling Order requiring, *inter alia*, that Mr. Kalinski answer the Court's Interrogatories, that the parties exchange time and pay records, and that their counsel meet to try and settle the case. [ECF No. 6.]

5. Mr. Kalinski filed his Answers to the Court's Interrogatories and provided the Defendants with the records supporting them on August 1, 2023. [ECF No. 14.]

6. While Mr. Kalinski awaits the Defendants' verified statement and the relevant time and pay records, the parties have already engaged in settlement discussions.

7. Considering the amount claimed by Mr. Kalinski in unpaid overtime wages ($1,201.50) and the liquidated damages recoverable thereon ($1,201.50), Mr. Kalinski requests that counsel be permitted to conserve their resources by conducting their informal settlement conference by videoconference.

8. Mr. Kalinski submits that given the total amount of his claim ($2,403.00) and that his counsel is in Coral Gables, Florida, it would be more efficient for the parties to meet by videoconference to try and arrive at a settlement of all issues (overtime wages, liquidated damages, and attorneys' fees and costs) than to require his counsel to travel to Jacksonville, Florida.

9. The undersigned counsel understands the significance of the informal settlement conference and commits to handling it with the same level of professionalism and attention as though the parties' counsel had met in person.

10. This Court has the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *also see Clinton v. Jones*, 520 U.S. 681, 706-707 (1997).

11. Permitting counsel to attend their informal settlement conference by videoconference would further comport with Rule 1, which directs that the Rules

should be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding."

12. The undersigned conferred with defense counsel, who agreed to the relief requested herein – *i.e.*, to conduct the informal settlement conference by videoconference to avoid travel-related issues.

WHEREFORE Plaintiff, Jesse Kalinski, requests that the Court enter an Order permitting counsel to conduct their informal settlement conference by videoconference due to the agreement of the parties and the good cause set forth above.

<u>**LOCAL RULE 3.01(g) CERTIFICATION**</u>

I hereby certify that the movant has conferred with defense counsel, who agreed to the relief requested above.

Respectfully submitted this 10th day of August 2023,

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*