UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO.: 3:23-CV-455-MMH-JBT

JESSE KALINSKI,

      Plaintiff,

vs.

NORTH FLORIDA EPOXY FLOORS, LLC
AND BRANDON W. TUTEN,

      Defendants.
_____/

## JOINT MOTION TO REVIEW AND APPROVE
## FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE
## AND INCORPORATED MEMORANDUM OF LAW

The Parties, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

1.     Plaintiff's Complaint alleges Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by not paying him overtime compensation that he earned. The parties agree there is a bona fide, good faith dispute as to both liability and damages on Plaintiff's claims.

2.      To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter.  Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with either the approval of the district court or under the supervision of the U.S. Department of Labor.  The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

3.      All parties are represented by counsel in this action, and all agree and stipulate that the settlement represents a fair, reasonable, good faith, and arms-length settlement of Plaintiffs' claims. As a result, Plaintiff and Defendants have agreed to a resolution of all claims in this matter as provided in the Settlement Agreement attached hereto as Exhibit "A."

4.      Plaintiff is receiving the amount he claims is owed to him for unpaid overtime wages in his Answers to the Court's Interrogatories (ECF No. 14) and an amount equal to the unpaid overtime wages as liquidated damages. See Ex. A. In other words, the parties agreed on an **uncompromised** resolution of Plaintiff's FLSA overtime claim.

5.      The parties represent that because of this Settlement Agreement, Defendants have agreed to pay Plaintiff's attorneys' fees and costs, as negotiated

by the Parties and as stated in the Settlement Agreement. Plaintiff represents, and Defendants agree, the allocation of attorneys' fees and costs reflected in the Settlement Agreement is fair and reasonable. Furthermore, the parties represent the amount of the settlement allocated to attorneys' fees and costs was negotiated separately, after, and without regard to the Plaintiff's underlying claim for unpaid minimum wages, or any other claim brought in this action.

6.      Because the parties agreed on an **uncompromised** resolution of Plaintiff's FLSA overtime wage claim, and since the attorneys' fees were separately negotiated, there is no dilution of Plaintiff's recovery under the FLSA. "[O]nce the parties have agreed that Plaintiff will receive every penny [he is] entitled to under FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done." *Jimenez v. Sixt Rent a Car, LLC*, 2022 WL 17416778, at *2 (M.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 17416780 (M.D. Fla. Aug. 29, 2022); *Saunders v. Amplus Air Conditioning Contractor, Inc.*, 2020 WL 13615159, at *1 (S.D. Fla. July 1, 2020) (citing *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003)) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise.").

7.      As "the trend…is to require judicial oversight, even when an FLSA plaintiff

is satisfied in full," see *Mompremier v. S & S Mgmt. Group LLC*, 2021 WL

9950747, at *1 (S.D. Fla. June 29, 2021) (Altman, J.), and because Plaintiff is

requesting this Court retain jurisdiction over the Agreement to enforce the

monetary terms of settlement, the parties present their settlement agreement to the

Court for approval.

8.      As the Court previously recognized in *Bonetti v. Embarq Mgmt. Co.*, 715 F.

Supp. 2d 1222, 1228 (M.D. Fla. 2009):

In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a
compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the
terms of settlement, including the factors and reasons considered in reaching same
and justifying the compromise of the plaintiff's claims; and (3) represents that the
plaintiff's attorneys' fee was agreed upon separately and without regard to the
amount paid to the plaintiff, then, unless the settlement does not appear reasonable
on its face or there is reason to believe that the plaintiff's recovery was adversely
affected by the amount of fees paid to his attorney, the Court will approve the
settlement without separately considering the reasonableness of the fee to be paid
to plaintiff's counsel.

9.      The parties stipulate they had a bona fide dispute and are resolving the

matter to avoid the cost and time of litigating the issues, as well as the risks

associated with continued litigation.  All parties have been represented by counsel

throughout the litigation. Additionally, the Plaintiff's claims involve disputed

issues.

10.     The parties agreed to the terms of the settlement after conferring with their

respective attorneys.

11.     Counsel for both parties represent that this settlement was an arms-length compromise with no collusion with regard to the settlement of this matter.

12.     Counsel for both parties also represent that the continuation of this litigation would necessitate further expense necessitating additional expenditures of costs and attorneys' fees.

13.     Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances. This is especially true because Plaintiff's FLSA claim was not compromised.

14.     To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter.  Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties request that the Court review and approve their settlement and dismiss this action with prejudice.  The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

15.     All parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith, and arms-length resolution of Plaintiff's claims.

WHEREFORE, the parties jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c)

reserving jurisdiction to enforce the terms of the settlement, should such enforcement be

necessary.  A proposed order is provided herewith.


        Respectfully submitted on October 13, 2023.


By:/s/Brian H. Pollock

BRIAN POLLOCK, ESQ.
Florida Bar No. 174742
Brian@fairlawattorney.com
FairLaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Telephone:    (305) 230-4884
**_Counsel for Plaintiff_**

By:*/s/ Richard N. Margulies*
Richard Margulies, Esq.
Florida Bar No. 607487
Richard.Margulies@jacksonlewis.com
JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
Telephone: (904) 638-2655
**_Counsel for Defendants_**

# EXHIBIT

# "A"

# EXHIBIT "A"

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Jesse Kalinski (hereinafter "Plaintiff") and North Florida Epoxy Floors, LLC and Brandon W. Tuten, and their officers, directors, insurers, and agents (hereinafter "Defendants"); who are collectively referred to as "the Parties".

**Whereas**, Plaintiff filed a lawsuit in the District Court for the Middle District of Florida to recover his outstanding and unpaid/underpaid overtime wages, penalties, attorneys' fees and costs from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq*, in *Jesse Kalinski v. North Florida Epoxy Floors, LLC and Brandon W. Tuten*, presently pending in the Middle District of Florida with Case No.: 3:23-cv-455-MMH-JBT ("the Lawsuit").

**Whereas,** to avoid the uncertainties of litigation, the Parties desire to enter into a mutually binding agreement to resolve the Lawsuit and any and all claims for unpaid/underpaid overtime wages that could have been brought in the Lawsuit. By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA and expressly deny any and all such liability.

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein, the Parties agree to resolve Plaintiff's claims for unpaid/underpaid overtime wages, liquidated damages, attorneys' fees, and costs by the Defendants' payment of the gross amount of NINE THOUSAND FIVE HUNDRED DOLLARS ($9.500.00), which includes ONE THOUSAND TWO HUNDRED AND ONE DOLLARS AND 50/100 ($1,201.50) for alleged unpaid overtime wages, ONE THOUSAND TWO HUNDRED AND ONE DOLLARS AND 50/100 ($1,201.50) for alleged liquidated damages, and SEVEN THOUSAND NINETY-SEVEN DOLLARS ($7,097.00) for Plaintiff's attorneys' fees and costs, as follows:

  a.  Five Thousand Dollars ($5,000) within five business days payable to the FairLaw Firm IOTA Trust Account;

  b.  One Thousand Dollars ($1,000) within 35 days payable to the FairLaw Firm;

  c.  One Thousand Dollars ($1,000) within 65 days payable to the FairLaw Firm;

  d.  One Thousand Dollars ($1,000) within 95 days payable to the FairLaw Firm;

  e.  One Thousand Dollars ($1,000) within 125 days payable to the FairLaw Firm; and

  f.  Five Hundred Dollars ($500) within 155 days payable to the FairLaw Firm.

1 of 3

Defendants shall make the foregoing payments so that they are received at FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146 by the aforementioned deadlines after the Court's approval of this Agreement and/or dismissal of the Lawsuit. If Defendants, after receipt of an email notice to their counsel of any default in payment under the Agreement, fail to cure the default within five (5) days, then Plaintiff shall be entitled to apply to the Court for a Default Final Judgment against Defendants for a judgment against Defendants, jointly and severally in the amount of $12,500 minus all payments made. Defendants waive any defense to the entry of a Default Final Judgment other than the failure to provide the notice required under this Agreement and/or timely payment. Defendants shall draft the proposed Motion to Approve and Order Approving in a form acceptable to Plaintiff's counsel if necessary. Plaintiff will receive his $2,403.00 from the initial $5,000 payment.

The Parties generally release, satisfy, and forever discharge one another from any and all claims, demands, or liabilities whatsoever, whether known or unknown, which Plaintiff or Defendants ever had or may now have against one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Defendants undertakes in this Agreement. This release includes, without limitation, any claims, demands, or liabilities relating to or arising out of Plaintiff's employment with Defendants and separation of employment with Defendants under any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

If asked, Defendants shall provide a neutral work reference for Plaintiff by verifying his dates of work, position(s) held, and rate(s) of pay, but without reference to any claim, lawsuit or the resolution thereof.

The Parties acknowledge that each had the opportunity to have this document reviewed by counsel, that each had his/her/their/its counsel review and, if necessary, revise the Agreement, and that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement. All prior negotiations, representations, and discussions are merged into and superseded by this Agreement. This Agreement may not be changed except in writing and signed by all Parties.

The Parties agree that the substantive law of the State of Florida governs this Agreement and jurisdiction over this matter shall be in the United States District Court for the Middle District of Florida, which is presiding over the Lawsuit. If the Court invalidates any provision of this Agreement, then all remaining provisions shall remain in full force and effect, provided that both parties may still effectively rely. The prevailing party in any claim arising out of or relating to this Agreement shall be entitled to recover his/her/its attorneys' fees.

Defendants represent and warrant that the person signing this Agreement has the authority to act on behalf of Defendants and to bind Defendants and all who may claim through them to the terms and conditions of this Agreement represents and warrants that s/he has the capacity to act on her own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. Plaintiff and Defendants each warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims

or causes of action released by this Agreement, and no claim released has been previously transferred or assigned.

This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Defendants, which is/are expressly denied.

Neither Party has relied upon any representations or statements made by the other Party hereto which are not specifically set forth in this Agreement. This Agreement is expressly contingent on the payment and clearance of all settlement funds. This Agreement may be executed in counterparts, and the facsimile/copy of any signature or of this Agreement shall have the same force and effect as an original.

Defendants understand that although Plaintiff's counsel prepared this Agreement, Defendants were advised of and had the opportunity to review this Agreement with their counsel, they were not provided with any legal advice by Plaintiff's counsel prior to signing, that they understood this agreement before signing it.

Plaintiff represents that this Agreement has been explained and/or translated to him and that he fully understood the contents before signing. Plaintiff also agrees to the division of the settlement funds as set forth above.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the dates set forth below, willingly, and freely.

*Jesse Kalinski*

By: _Jesse Kalinski (Sep 12, 2023 03:50 EDT)_

    *Jesse Kalinski*

Date: Sep 12, 2023

*North Florida Epoxy Floors, LLC*

By:_____

    As Its Authorized Agent

Print Name:_ Brandon W. Tuten ____

*Brandon W. Tuten*

By:_____

    **Brandon W. Tuten**

Date:_____

Plaintiff represents that this Agreement has been explained and/or translated to him and that he fully understood the contents before signing. Plaintiff also agrees to the division of the settlement funds as set forth above.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the dates set forth below, willingly, and freely.

*Jesse Kalinski*                              *North Florida Epoxy Floors, LLC*

By: _____              By: _____

     *Jesse Kalinski*                              As Its Authorized Agent

                                                  Print Name: _Brandon W. Tuten_

Date:_____

                                                 **Brandon W. Tuten**

                                       By: _____

                                                 **Brandon W. Tuten**

                                       Date: ___10/12/23___

2 of 3