UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSE KALINSKI,

      Plaintiff,

v.                                         CASE NO. 3:23-cv-455-JBT

NORTH FLORIDA EPOXY FLOORS,
LLC, et al.,

      Defendants.
_____/

## ORDER APPROVING SETTLEMENT
## AND DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the Court on the parties' Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice and Incorporated Memorandum of Law ("Motion") (Doc. 24) and the Settlement Agreement and Release ("Settlement Agreement") (*Id.* at 7–11). The parties represent there has been no monetary compromise as to Plaintiff's claim. (*Id.* at 2.) Therefore, the Court accepts that the amount paid to Plaintiff under the proposed Settlement Agreement is satisfactory. Additionally, the Court finds that Plaintiff's attorneys' fees and costs, which were negotiated separately from Plaintiff's recovery, do not dilute the amount of Plaintiff's recovery, and do not appear unreasonable on their

face.[1]  *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Finally, as requested by the parties, the Court incorporates the Settlement Agreement into this Order and retains jurisdiction to enforce the terms of the Settlement Agreement, but only up to and including June 20, 2024.

Therefore, it is **ORDERED AND ADJUDGED**:

1. The Motion (**Doc. 24**) is **GRANTED**.

2. The Settlement Agreement (**Doc. 24 at 7–11**) is **APPROVED**.

3. Subject to paragraph 4 below, this case is hereby **DISMISSED with prejudice**.

4. The Court **incorporates the Settlement Agreement (Doc. 24 at 7–11) into this Order** and **retains jurisdiction** to enforce the terms of the Settlement Agreement, but only up to and including June 20, 2024.

**DONE AND ORDERED** in Jacksonville, Florida, on October 20, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to: Counsel of Record

---

[1] Since the Court is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.